## 52185. DEEVERS v. ASSOCIATED DISTRIBUTORS, INC.

SUBMITTED MAY 5, 1976 — DECIDED MAY 21, 1976.

*Ted D. Spears,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.

DEEN, Presiding Judge.

"Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change

the rule." Code § 20-1007. The appellant agrees that he voluntarily paid the full amount of the lien on the property in question but contends that he had but one "account" with the appellant on all three houses and that the satisfaction of a lien on one of them should not preclude him from seeking credits subsequently for that property. There were three liens filed against each separate house. The question therefore is whether the appellant's voluntary payment was for the settlement of his "account" or for the discharge of the lien on the property for which a permanent loan was sought. The record reveals the following: "The Court: Mr. Deevers, Mr. Hatcher said that this account covering that part of the account on Cleveland Road, that that account has been paid off and that they're not suing on that, is that correct? The Appellant: Yes, Sir. The Court: How did you pay — did you pay this account off by check? The Appellant: [My attorney] paid this account, sir. The amount was some $4,700 — or $4,900, and I didn't have a permanent loan on my house, and I had to pay it to get a permanent loan on it. That's why it isn't in contention today. The Court: Did you designate this check to the payment on that particular house? The Appellant: [My attorney] did, yes, from the loan proceeds." We believe that this shows that the appellant voluntarily paid appellee's claim for materials used in the house in consideration for the discharge of the lien in order to secure a permanent loan. It likewise shows that the voluntary payment was made to satisfy the lien and not to satisfy his "account" with the appellee. This is therefore evidence to support the finding of fact that the appellant voluntarily paid the appellee's claim for material used in the construction of the house. Having voluntarily paid this amount to discharge the claim, the appellant may not now seek, through credits, its recovery. *Mitchell v. Holden,* 58 Ga. App. 712 (3) (199 SE 835).

*Judgment affirmed. Quillian and Webb, JJ., concur.*